Case 4:25-cv-00473-MW-MAF    Document 12    Filed 01/08/26    Page 1 of 4

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

STEVEN IVEY,

    Plaintiff,

vs.                              Case No. 4:25cv473-MW-MAF

MARK GLASS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, has filed a notice of change of address, ECF No. 11, and a first amended complaint, ECF No. 10. As Plaintiff was previously granted leave to proceed in forma pauperis, ECF Nos. 2 and 5, Plaintiff's amended complaint has been reviewed to determine if it is sufficient for service.

First, Plaintiff was previously informed that the Local Rules of this Court require pro se litigants to file a civil rights complaint on an approved court form. ECF No. 5 (citing N.D. Fla. Loc. R. 5.7(A)). That Rule states that the "Court need not - and ordinarily will not - consider a petition, motion, or complaint that is not filed on the proper form." *Id.* The Clerk of

Court was directed to provide Plaintiff with a civil rights complaint form and Plaintiff must directed to submit his amended complaint on that form. ECF No. 5. Plaintiff's amended complaint, ECF No. 10, is not on the court form.

Second, Plaintiff's initial complaint, ECF No. 1, did not provide factual allegations which were related to the named Defendant. Plaintiff did not allege that Defendant Glass took any action to harm Plaintiff or violate his rights. ECF No. 1. Thus, Plaintiff was informed that the complaint failed to state a claim as to Defendant Glass. ECF No. 5.

Despite that guidance, Plaintiff's amended complaint still fails to reference a single action by Defendant Glass. ECF No. 10. Therefore, the amended complaint fails to state a claim and should be dismissed.

Notably, the vast majority of Plaintiff's allegations pertain to events which transpired in Brevard County, Florida. *Id.* at 2-14. Plaintiff proves a multitude of details about persons allegedly following him, stalking, intimidating him, and making false reports to the Sheriff's Department. Those assertions fail to state a claim and are unconnected to Defendant Glass.

It appears that at some point, Plaintiff was arrested. *Id.* at 11-13. He claims that after the charges were dropped, "FDLE refused to automatically

expunge the charges . . . ." *Id.* at 13. Plaintiff essentially argues that it "is unconstitutional for FDLE to" require Plaintiff to comply with administrative rules to have the arrest expunged, his rights restored, and have his weapon returned to him. *Id.* at 14-15. That is not a viable constitutional claim as there is no Constitutional right for an expungement.

Moreover, Plaintiff's claims as to that issue are asserted against FDLE. As relief, Plaintiff seeks compensatory and punitive damages. ECF No. 10 at 17. "[A]n action brought in federal court against a state or one of its agencies is barred by the Eleventh Amendment." <u>Irwin v. Miami-Dade Cnty. Pub. Schs.</u>, No. 06-23029-CIV, 2009 WL 465038, at *2 (S.D. Fla. Feb. 24, 2009), aff'd, 398 F. App'x 503 (11th Cir. 2010) (citing <u>Scott v. Taylor</u>, 405 F.3d 1251, 1255 (11th Cir. 2005); <u>Pennhurst State Sch. & Hosp.v. Halderman</u>, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)). FDLE is a state agency and, thus, Plaintiff's claims - even if properly asserted against FDLE - are barred by the Eleventh Amendment.

Because it does not appear that providing Plaintiff with further opportunities to amend would be beneficial, it is recommended that this case be dismissed for failure to state a claim.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 10, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

**IN CHAMBERS** at Tallahassee, Florida, on January 8, 2026.


　S/　Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**